Cite as: 604 U. S. \_\_\_\_ (2025)     1

# SUPREME COURT OF THE UNITED STATES

———————

No. 24A893

———————

## JESSIE HOFFMAN *v.* GARY WESTCOTT, SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.

### ON APPLICATION FOR STAY

[March 18, 2025]

The application for stay of execution of sentence of death presented to JUSTICE ALITO and by him referred to the Court is denied. JUSTICE SOTOMAYOR, JUSTICE KAGAN, and JUSTICE JACKSON would grant the application for stay of execution.

JUSTICE GORSUCH, dissenting.

The State of Louisiana plans to execute Jessie Hoffman tonight. Mr. Hoffman is a Buddhist. And he argues that the State's chosen method of execution—nitrogen hypoxia—violates his rights under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U. S. C. §2000cc *et seq*. (RLUIPA). Nitrogen hypoxia will, he says, substantially burden his religious exercise by interfering with his meditative breathing as he dies. See Complaint in No. 25–169 (MD La.), ¶¶235–236. No one has questioned the sincerity of Mr. Hoffman's religious beliefs. Yet the district court rejected his RLUIPA claim anyway based on its own "find[ing]" about the kind of breathing Mr. Hoffman's faith requires. App. to Pet. for Cert. 20a.

That finding contravened the fundamental principle that courts have "no license to declare . . . whether an adherent has 'correctly perceived' the commands of his religion." *Masterpiece Cakeshop, Ltd.* v. *Colorado Civil Rights*

GORSUCH, J., dissenting

*Comm'n*, 584 U. S. 617, 651 (2018) (GORSUCH, J., concurring) (quoting *Thomas* v. *Review Bd. of Ind. Employment Security Div.*, 450 U. S. 707, 716 (1981)); see, *e.g.*, *Holt* v. *Hobbs*, 574 U. S. 352, 361–362 (2015); *Burwell* v. *Hobby Lobby Stores, Inc.*, 573 U. S. 682, 724–725 (2014). The Court of Appeals failed to confront the district court's apparent legal error—or even to mention the RLUIPA claim Mr. Hoffman pressed on appeal. Perhaps that claim ultimately lacks merit. But the Fifth Circuit's unexplained omission leaves this Court poorly positioned to assess it. I would therefore grant the stay application and petition for writ of certiorari, vacate the judgment of the Fifth Circuit, and remand for that court to address Mr. Hoffman's RLUIPA claim in the first instance.